IN RE DISBARMENT OF HUGH S. McGINLEY.[1]

July 9, 1926.

No. 25,621.

Attorney disbarred for deceit practiced on the court and on his wife in his action for divorce.

Conduct by an attorney at law, as stated in the opinion, constitutes violation of his oath of office and fraud toward the court and adverse party, resulting in a judgment of disbarment.

Attorney and Client, 6 C. J. p. 589 n. 50, 51.

[1]Reported in 209 N. W. 870.

The Hennepin County Bar Association accused Hugh S. McGinley of wilfully violating his oath of office and of deceit, fraud and wilful misconduct in his profession. The matter was referred to the Honorable I. M. Olsen. Judgment of disbarment ordered.

*Harold N. Rogers*, for petitioners.

*Hugh S. McGinley* and *W. J. Horrigan*, for accused.

PER CURIAM.

The complaint of the Hennepin County Bar Association against Hugh S. McGinley, of the bar of this court, was referred to the Honorable I. M. Olsen, one of the judges of the Ninth judicial district, as referee, to report the evidence and make findings thereon pursuant to G. S. 1923, § 9319. The evidence was taken and reported to this court with findings which we adopt. Oral arguments were made for and against the accused.

Mr. McGinley was admitted to the practice of law in this state in 1904. On March 23, 1925, he went home after an absence of three or four days and stated to his wife that he intended to get a divorce and proposed to pay her a certain sum per month for her support. On March 30, 1925, he caused a summons and complaint to be served upon her in an action for divorce. She phoned him at his office asking him to come home, which he promptly did. She asked him to drop the divorce matter or wait with it and to tear up the papers. He suggested that she might bring suit for divorce, which she declined; he told her that she could do as she pleased with the papers, and then in his presence and without objection by him, she tore up the papers that had been served upon her. From March 30th to April 17th, they continued to live together in their home the same as before, except for a period of three or four days when he was absent. He desired and requested his wife to go to her mother's home in Keokuk, Iowa, and she consented. He claimed to be financially embarrassed and that it was advisable to discontinue the maintenance of a home. Arrangement was made for her to have a portion of the furniture and the balance was to be stored. It was agreed that she would leave on April 17th. He purchased her ticket

and berth, had some express sent and had the furniture she was to take shipped to her. He gave her a small sum of money, took her to the station and kissed her goodbye. Between April 9th and 17th he took his wife for pleasure rides, to visit his mother, to the theater and to lunch. There was no apparent change in their relations or occupancy of the home. After the conversation with her husband on March 30, 1925, and tearing up of the copy of summons and complaint served upon her, and the conduct of her husband toward her up to April 17, 1925, she had fair reason to believe that the divorce action had been dropped or discontinued and did so believe. She made no appearance in the action.

Mr. McGinley caused the divorce action to be advanced. It was heard on May 6, 1925, as a default case resulting in a judgment entered on May 8, 1925, granting plaintiff a divorce. Mr. McGinley did not disclose to the court at the trial of the divorce action or prior thereto that the copy of the summons and complaint served had been torn up in his presence by Mrs. McGinley, or the circumstances concerning its destruction.

Mr. McGinley is accused of wilfully violating his oath of office and being guilty of deceit, fraud and wilful misconduct in his profession. As bearing upon the motive and intent only, it is proper to note from the record that on May 30, 1925, the accused was married to another woman before a magistrate in South Dakota. On July 29, 1925, the district court on application of the defendant in the divorce action made an order setting aside and vacating the judgment and decree of divorce, which was affirmed by this court. McGinley v. McGinley, 166 Minn. 495, 206 N. W. 954. On August 4, 1925, the civil marriage of May 30, 1925, was confirmed by a church marriage. A criminal proceeding instituted on June 8, 1926, by the first wife against the accused in the municipal court of Minneapolis charging him with the crime of bigamy is still pending.

It thus appears that accused is guilty of the accusations made and that he has committed deceit and fraud toward both the court and the adverse party.

It is ordered that Hugh S. McGinley be removed from the office of attorney at law in this state. Formal judgment of disbarment will be entered forthwith.